FILED
FEB 24 2010
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Kareemah Bell-Boston, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. **10 0286** |
| ) | |
| Crime Victims Compensation, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, who lists her mailing address as a Landover Hills, Maryland, residence, sues Crime Victims Compensation at the Superior Court of the District of Columbia to obtain assistance. The complaint neither presents a federal question nor provides a basis for diversity jurisdiction because no amount in controversy is pleaded. Plaintiff's recourse lies, if at all, in the

Superior Court of the District of Columbia. Accordingly, the complaint will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: February *19*, 2010

          /s/ Henry H. Kennedy, Jr.
United States District Judge